Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza
Newark, New Jersey  07102-5490
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Celgene Corporation*

William J. O'Shaughnessy
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
(973) 639-2094
woshaughnessy@mccarter.com

*Attorneys for Plaintiffs*
*Novartis Pharmaceuticals Corporation*
*and Novartis Pharma AG*

James S. Richter
WINSTON & STRAWN, LLP
The Legal Center
One Riverfront Plaza, 7th Floor
Newark, New Jersey 07102
(973) 621-2230
jrichter@winston.com

*Attorneys for Defendant*
*Barr Laboratories, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION, and NOVARTIS PHARMA AG, | ) ) ) ) | Civil Action No. 07-5256 (SDW)(MCA) |
| Plaintiffs, | ) ) ) | **Hon. Susan D. Wigenton, U.S.D.J.**<br>**Hon. Madeline C. Arleo, U.S.M.J.** |
| v. | ) ) | **(Filed Electronically)** |
| BARR LABORATORIES, INC., | ) ) |  |
| Defendant. | ) ) ) |  |

## [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, in the course of this action disclosure may be sought or made of information which a party to this lawsuit or a subpoenaed third party regards as being confidential, a trade secret, or proprietary in nature; and

WHEREAS, the parties to this lawsuit desire to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information in this action.

WHEREAS, the parties consider such information to be confidential and proprietary within the meaning of Fed. R. Civ. P. 26(c)(7), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3rd Cir. 1995) and, therefore, mutually desire that a protective order limiting use, access to, and disclosure of such information be entered;

WHEREAS, to preserve the parties' interests in their confidential information without unduly encroaching upon the public's right to be informed of judicial proceedings, in accordance with Local Civil Rule 5.3;

NOW THEREFORE, the parties to this lawsuit hereby stipulate, by and through their respective undersigned counsel, that the following shall govern the disclosure of confidential, trade secret, or proprietary information in this action at any time up to and including final determination of this action and appeal, if any, and respectfully jointly request the Court to enter a discovery confidentiality order providing therefor.

## I. DEFINITIONS

For purposes of this Discovery Confidentiality Order ("Order"), the following definitions shall apply:

a.      "Party" means every party to this action and every director, officer, employee and agent of every party to this action, except for Counsel of Record.

- 2 -

b.      "Disclosing Party" means any Party or subpoenaed third party disclosing during this action information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

c.      "Receiving Party" means any Party that receives information from a Disclosing Party (or subpoenaed third party).  The term "Receiving Party" shall include the Party that requests information from a Disclosing Party (or subpoenaed third party), as well as any other Party that receives copies of said information.

d.      "CONFIDENTIAL" is a designation that any Party (or third party in the case of subpoenaed documents) may apply to information which it believes in good faith to constitute, contain, reveal or reflect trade secrets or other confidential research, development, commercial or personnel information relating to its business, or which was disclosed to it in confidence by any other person, the disclosure of which to the general public could adversely prejudice that Party or its business.

e.      "HIGHLY CONFIDENTIAL" is a designation that any Party or third party may apply to information which it believes in good faith to constitute, contain, reveal or reflect trade secrets or other confidential research, development, commercial or personnel information relating to its business, or which was disclosed to it in confidence by any other person, and which is so sensitive that disclosure to a Party, even under a Discovery Confidentiality Order, would create an undue risk to the Disclosing Party or its business.

f.      "Confidential Information" means any information which is properly designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described above.

g.      Exceptions to confidentiality status.  Information will not be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL, and the Parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof is:

- 3 -

    1.      at the time of disclosure, or subsequently becomes through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant public; or

    2.      already in the possession of the Receiving Party at the time of disclosure; or

    3.      disclosed to the Receiving Party other than by production or disclosure in this action, without breach of any obligation of confidence.

h.      "Counsel of Record" means the following law firms and other firms which file appearances in this case (and will not include in-house counsel regardless of whether or not an appearance is filed in their name), including all attorneys, paraprofessionals, clerks, and secretaries employed by such law firms:

    1.      Saul Ewing LLP;

    2.      Jones Day;

    3.      Fitzpatrick, Cella, Harper & Scinto;

    4.      McCarter & English, LLP; and

    5.      Winston & Strawn, LLP

## II. TERMS OF THE DISCOVERY CONFIDENTIALITY ORDER

1.     **Materials Subject to Designation.**  All originals or copies of transcripts of depositions (regardless of medium of transcription), exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things and information (including electronic information) obtained by inspection of files or facilities, disclosure or production of documents and things, or otherwise obtained pursuant to this action, may be designated by the Disclosing Party in conformity with the definitions set forth above.

2.    **Manner of Designating Confidential Information.**  A Party shall designate documents containing Confidential Information by placing a legend on each page of any document that Party wishes to protect against disclosure or use, or, in the case of electronic information, on computer disks or tape, on the cover or container of the disk or tape or in an email in which production is attached, or in the case of other tangible items, on the item itself. This legend shall state "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and documents (or other materials) so designated shall be treated according to their designation, as set forth in Paragraph 3 below.  A designation of Confidential Information as to anything for which inspection or sampling is allowed shall be made by placing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the Parties.  All documents and things shall be marked prior to the provision of physical copies of these documents and things to counsel for the Receiving Party.  Alternatively, documents (including electronic information) may be made available for an initial inspection by counsel for the Receiving Party before the Disclosing Party produces copies or allows the copying of any such documents.  In such cases, if the Disclosing Party believes in good faith that the set of documents provided for initial inspection at least in part includes information properly designated as "HIGHLY CONFIDENTIAL," the Disclosing Party may temporarily designate the entire inspection as "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order, and only persons authorized to inspect such documents and things will be permitted access for inspection.  This temporary designation shall last only until copies of the documents are produced by the Disclosing Party to the Receiving Party.  The Disclosing Party may mark (as appropriate under the terms herein) the copies of documents selected by counsel for the Receiving Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to

delivering those copies or allowing them to be delivered to the Receiving Party's counsel. Allowing such initial inspection shall not constitute waiver of confidentiality with respect to any document or thing so inspected.

3.     **Treatment of Confidential Information.**

a.     **"CONFIDENTIAL" Designation.**

Information designated as "CONFIDENTIAL" and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to or reliance on the designated information) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than the following: (i) The Court and court personnel as necessary for them to perform their duties; (ii) Counsel of Record; (iii) a deponent or designated person testifying during the course of depositions taken in the action who is either (a) shown on the face of the document containing information designated "CONFIDENTIAL" to have been a recipient or author of such information, or (b) is a past or present employee, agent or representative of any of (A) the Disclosing Party, (B) an entity affiliated at any time with the Disclosing Party, (C) a third party in the case of "CONFIDENTIAL" information produced by the Disclosing Party, but emanating originally from such a third party, or (D) a party who is being questioned about a document produced by a third party; (iv) the persons to whom disclosure is permitted under the terms of Paragraphs 5, 6, 10 and 11 below; (v) independent litigation support personnel (including translators); (vi) up to two in-house counsel to the Parties provided that prior to disclosure of designated materials to any such in-house counsel, such in-house counsel indicates his or her agreement in writing to be bound by the terms of this Order by executing a copy of the Confidentiality Agreement attached to this Order as Exhibit A and a copy of such executed

- 6 -

Exhibit A is provided to Counsel of Record for the Disclosing Party; and (vii) executives and other personnel of the parties provided that such executives and personnel of the Receiving Party are provided with a copy of this Order in advance of disclosure and such individual agrees, in writing, to be bound by the terms of this Order by executing a copy of the Confidentiality Agreement attached to this Order as Exhibit A and a copy of such executed Exhibit A is provided to Counsel of Record for the Disclosing Party.  With respect to subpart (iii) above, any objection to showing "CONFIDENTIAL" information to a deponent or designated person not made on the record at such deposition shall be waived.  Information designated as "CONFIDENTIAL" and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to or reliance on the designated information) shall be used only for the purposes of this litigation and shall not be used for any scientific, technical, business, financial or other purpose whatsoever.

### b.    "HIGHLY CONFIDENTIAL" Designation.

Information designated as "HIGHLY CONFIDENTIAL" and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to or reliance on the designated information) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than (i) The Court and court personnel as necessary for them to perform their duties; (ii) Counsel of Record for a Party; (iii) a deponent and designated person testifying during the course of depositions taken in the action who is either (a) shown on the face of the document containing information designated "HIGHLY CONFIDENTIAL" to have been a recipient of such information or (b) is a past or present employee, agent or representative of any of (A) the Disclosing Party, (B) an entity affiliated at any time with Disclosing Party, (C) a third party in

the case of "HIGHLY CONFIDENTIAL" information produced by the Disclosing Party, but emanating originally from such third party, or (D) a party who is being questioned about a document produced by a third party; (iv) up to two current employees, which may include in-house counsel, of each Party, provided that prior to disclosure of designated information to any such employee, such employee indicates his or her agreement in writing to be bound by the terms of this Order by executing a copy of the Confidentiality Agreement attached to this Order as Exhibit B and a copy of such executed Exhibit B is provided to Counsel of Record for the Disclosing Party, and provided that such person is (A) not directly or formally involved in the preparation or prosecution of patents or patent applications relating to methylphenidate (including dexmethylphenidate and other isomers) for the duration of this matter and for one year thereafter; (B) not involved in the scientific development of products containing methylphenidate (including dexmethylphenidate and other isomers); (C) not directly or formally involved in competitive decision-making relating to methylphenidate (including dexmethylphenidate and other isomers); and (D) is not directly or formally involved in communications with the FDA regarding Barr's ANDA No. 79-031; and (v) the persons to whom disclosure is permitted under the terms of Paragraphs 5, 6, 10 and 11 below, and (vi) independent litigation support personnel (including translators). Information designated as "HIGHLY CONFIDENTIAL" and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to or reliance on the designated information) shall be used only for the purposes of this litigation and shall not be used for any scientific, technical, business, financial or other purpose whatsoever. With respect to subpart (iii) above, any objection to showing "HIGHLY CONFIDENTIAL" information to a deponent or designated person not made on the record at such deposition shall be waived.

Any employee of a party qualified under subsection (iv) above shall not take possession of any document or item containing or constituting another party's "HIGHLY CONFIDENTIAL" designated information, shall not maintain such information in an office under the control of a Receiving Party or in a computer or computer system electronically accessible by a Receiving Party, shall not be sent such information electronically, shall not reproduce such information, shall not transcribe such information into any tangible form (including handwritten notes), and shall not take possession of the transcriptions of others containing such information.  Access, by an employee of a party qualified under subsection (iv), to "HIGHLY CONFIDENTIAL" designated information shall be limited to verbal, in-person or telephonic conversations (not e-mail) with Counsel of Record, review of documents at Counsel of Record's office, review of documents through a secure extranet set up by the Counsel of Record or secure Internet-based application (such as Citrix or Inview by Kroll), where each employee qualified under subsection (iv) agrees that he or she will not copy, reproduce (manually or by electronic means), download, distribute, or print HIGHLY CONFIDENTIAL information, and attendance at depositions, hearings and trial.

4.    **Use of Confidential Information.**

a.    Nothing in this Order shall bar or otherwise restrict any Counsel of Record or in-house counsel from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any person not entitled to have access to it.

b.      Nothing contained herein shall be construed to restrict disclosure and use of documents, information or things obtained through discovery, whether or not deemed confidential hereunder, to any person who in the course of his business duties had previously prepared, lawfully received or had rightful access to such documents, information or things, except to the extent that such person's present knowledge or possession of such information derives solely from disclosure pursuant to this Order.

5.      **Outside Experts and Consultants.**  Documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a Party in connection with preparation for trial or for trial in this action, provided that the following conditions are met. The procedure for having an outside expert or consultant approved for access to information designated as Confidential Information shall be as follows:

a.      The Party seeking to have an independent expert or consultant approved for access to Confidential Information shall provide the Disclosing Party with:

i)      The name of the person;

ii)     The present employer and title of the person;

iii)    An up-to-date curriculum vitae of the person; and

iv)     A written acknowledgment signed by the person for whom approval is sought, that the person has read this Discovery Confidentiality Order and agrees to be bound by its terms, in the form of the Confidentiality Agreement attached to this Order as Exhibit A and/or Exhibit B, as appropriate for the level of Confidential Information to be disclosed.

b.     Within ten (10) calendar days after mailing (via overnight delivery) the information described in Paragraph 5, subparagraph (a), including a copy of the written, executed acknowledgment(s), the Disclosing Party may object to the person proposed for approval upon reasonable basis therefor.  Failure to object within this ten (10) calendar day period to the person proposed shall be deemed approval, but shall not preclude a Disclosing Party from later objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the Disclosing Party or its counsel.  If objection is made, no Confidential Information shall be disclosed to the designated person until the Disclosing Party withdraws its objection, or until the provisions of subparagraph (c) of this paragraph have been complied with.

c.     If the Disclosing Party so objects, the Disclosing Party and Party seeking approval shall, within five (5) business days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute.  At that conference, the Disclosing Party shall inform the Party seeking approval of its reasons for objecting to the designated person.  If the Parties cannot resolve the dispute, or if the conference does not take place, then the objecting Party may move the Court for an appropriate order.  Such motion must be made within ten (10) business days following the conference, or, if no conference takes place, within fifteen (15) business days from the date of the mailing of the notice of objection.  If no such motion is made in such time and manner, Confidential Information may be disclosed to the designated person under the conditions stated in this Order.  If such a motion is made, there shall be no disclosure to such person until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

6.     **Request for Additional Disclosure.** If any Counsel of Record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs 3 above any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that counsel shall first obtain the written consent of the Disclosing Party through such Party's Counsel of Record (or counsel of a subpoenaed third party) or, if written consent is withheld a court order authorizing such disclosure. Each such person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written Confidentiality Agreement, in the form attached to this Order as Exhibit A and/or Exhibit B, as appropriate for the level of Confidential Information to be disclosed. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any such person.

7.     **Record of Disclosure.** A copy of each Confidentiality Agreement shall be sent to Counsel of Record for the other Party to this lawsuit within five days after that Confidentiality Agreement is signed. Any Counsel of Record making a disclosure to third parties shall retain the originals of all Confidentiality Agreements signed by such persons. The Confidentiality Agreements shall be made available for inspection and copying by opposing Counsel of Record upon written request.

8.     **Maintenance of Designated Information.** Counsel of Record who have received Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any of it.

9. **Manner of Designating Depositions.** Should Counsel of Record for any Party introduce or use any Confidential Information in a deposition, or believe that any question to a witness at deposition upon oral examination will disclose Confidential Information, or that answers to any question will require such disclosure, or if documents designated as containing Confidential Information will be used as exhibits during examination, Counsel of Record introducing or using such Confidential Information shall have a duty to see that any documents containing Confidential Information and any related testimony shall be separately bound and marked as subject to this Discovery Confidentiality Order, and subject to disclosure only under the terms and provisions set forth in this Discovery Confidentiality Order. This shall be accomplished by instructing the reporter during the deposition, or in the event that any Party inadvertently fails to designate a portion as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," by written notice to the reporter and all Counsel of Record within fifteen calendar days after receipt of the transcript by the deponent or his or her counsel, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Disclosing Party (or subpoenaed third party). Pending the expiration of fifteen (15) days after a deposition transcript is received by the deponent or his counsel, all parties shall treat the deposition testimony and transcript as if it had been designated " HIGHLY CONFIDENTIAL." Unless otherwise ordered by this Court, the Disclosing Party shall have the right to have all persons, except the person testifying in the deposition and his or her counsel, Counsel of Record for the named Parties, the court reporter, and such other persons as are permitted under the terms of this Order to have access to Confidential Information, excluded from a deposition during the taking of the testimony designated pursuant to this Order.

10.     **Court Reporters.**  Any court reporter shall be entitled to hear Confidential Information and receive and handle exhibits containing Confidential Information as necessary or appropriate for the performance of his or her duties.  The court reporter may allow the deponent to review the original of the transcript or may deliver the original transcript for such review to the attorney for the deponent, if that attorney has executed and delivered to the Disclosing Party's Counsel of Record (or counsel for a subpoenaed third party) a Confidentiality Agreement in the form attached to this Order as Exhibit A and/or Exhibit B, as appropriate, or is one of the Counsel of Record defined in Section I(h) above.

11.     **Filing Documents With The Court.**  Any Party filing any document, material or information designated by another Party as "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL" shall move pursuant to Local Civil Rule 5.3(c) to seal such document, material or information to prevent public disclosure.  The Party making such a motion also shall designate any document, material or information which is the subject of the motion as "confidential materials" pursuant to Local Civil Rule 5.3(c)(3), and take appropriate action necessary to assure that such document, material or information shall remain sealed until such time as the motion is decided.

Should a Party fail to properly file documents or materials containing Confidential Information in accordance with this Order, the Local Civil Rules or the ECF Polices, any Party who in good faith believes that filing under seal is required may, within ten (10) days of learning of the allegedly defective filing, file a motion with the Court to request an order sealing such documents or material.  Nothing in this provision relieves a Party of liability for damages caused by the electronic filing of Confidential Information or for damages caused by failure to properly file under seal documents or materials containing Confidential Information.

12. **No Effect on Party's Own Use.** Nothing contained in this Order shall affect any right of a Party to disclose or use any information designated and produced by it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

13. **No Effect on Disclosure to Author or Addressees.** Nothing contained in this Order shall prevent, limit or otherwise restrict any Party from disclosing any Confidential Information to any author or addressee of a document containing the information.

14. **Legal Effect of Confidentiality Designations.** Neither the designation by a Party of any document, material or information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" nor treatment by a Party of any such document, material or information in conformity with such designation shall constitute or be construed in any way as an admission or agreement by any other Party that the designated disclosure constitutes or contains any trade secret, proprietary information or Confidential Information.

15. **Final Disposition of Action.** Within 60 days of the final disposition of this action and appeal, if any, each Counsel of Record shall: (a) promptly return to Counsel of Record for the Disclosing Party or destroy (and certify the destruction to the Disclosing Party) all documents and things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all copies made of such documents and things; and (b) promptly destroy or see to the destruction of all writings related to Confidential Information, including, but not limited to, notes, analyses, memoranda or reports provided to or by any other persons, and certify to the Disclosing Party that such destruction has been done. As an exception to the above, Counsel of Record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition and trial testimony, together with all exhibits to that transcript, exhibits, legal memoranda, correspondence and attorney work product. The copy of

these retained documents shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" and Counsel of Record shall immediately notify opposing Counsel of Record

of any attempt by third parties to inspect or copy said retained copies.

16.     **Motion for Relief from Designation.**  If, after a Party receives information

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by another Party, it appears to

the Receiving Party that any such information is not entitled to the protection afforded under this

Order, such Receiving Party shall first notify Counsel of Record for the Disclosing Party in

writing, providing its reasons for challenging the designation.  If, fifteen (15) days after such

notice is given, the Parties have been unable to reach an agreement as to whether the information

should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party

may challenge the designation, and if it decides to file such a challenge, shall do so in

accordance with Local Civil Rule 37.1(a)(1).  *See* Local Civil Rule 5.3(b)(5) and Explanatory

Note to Subparagraph (b)(5).

17.     **Inadvertent Production of Privileged Material.**  If a Party, through

inadvertence, produces any document or information that it believes is protected from discovery

pursuant to the attorney-client privilege or work product doctrine, such production shall not be

deemed a waiver of any privilege or protection, and the Disclosing Party may give prompt

written notice to the Receiving Party that the document or information produced is deemed

privileged or protected and that return of the document or information is requested.  Upon receipt

of such written notice, the Receiving Party shall immediately gather the original and all copies of

the document or information of which the Receiving Party is aware and shall immediately return

the original and all such copies to the Disclosing Party or certify to the Disclosing Party the

destruction of such document or information, except if the Receiving Party moves the Court

within fifteen (15) days of receiving such a request from the Disclosing Party for a determination as to whether any privilege or immunity has been forfeited. Nothing in this provision shall prohibit the Receiving Party from submitting the document or information at issue to the Court either under seal or *in camera* in connection with such a motion. However, the return or destruction of the document(s) and/or information to the Disclosing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned documents and/or information.

18. **Inadvertent Production of Confidential Material.** If a Party, through inadvertence, produces any Confidential Information without labeling or marking, or otherwise designating it as such in accordance with the provisions of this Discovery Confidentiality Order, the producing Party may promptly give written notice to the receiving Party that the document or thing produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Discovery Confidentiality Order. The Receiving Party must treat such documents and things as Confidential Information.

19. **Discovery Sought By Or From Third Parties.**

(a)   In the event that either Party having possession, custody or control of any materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Disclosing Party receives a subpoena or other process or order from a non-party to this action to produce such materials in another legal proceeding, the Party thus served (the Receiving Party) shall promptly notify counsel for the Disclosing Party of the subpoena or other process or order, furnish counsel for the Disclosing Party with a copy of said subpoena or other process or order and cooperate with respect to all reasonable procedures sought to be pursued by the Disclosing Party whose interests may be affected. The Disclosing Party shall have the burden of moving to

quash such subpoena or other process or order.  The Receiving Party shall be entitled to comply with the subpoena or other process/order except to the extent that the Disclosing Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

      (b)    It is agreed that in the event that either Party seeks discovery from a non-party to this action and such non-party agrees to provide such discovery subject to the terms of this Order, both Parties to this action will treat such discovery as though such discovery had been produced by a Party to this action in accordance with the terms of this Order.

20.    **Survival of Terms.**  Absent written modification by the Parties or further order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

21.    **Effect on Discovery.**  This Order shall not preclude or limit the right of any Party to object to or resist discovery on any ground which would otherwise be available.

22.    **Order Binding When Signed.**  This Order shall be binding on the Parties when signed, subject to approval by the Court.  This Order shall be interpreted to be consistent with Local Civil Rule 5.3.

23.    **Submitting to Jurisdiction of the Court.**  Counsel of Record and each person to whom Confidential Information is disclosed pursuant to the terms of this Order shall be subject to the *in personam* jurisdiction of the United States District Court for the District of New Jersey, for the purpose of contempt proceedings or any other proceeding arising from any violation of this Order.  In the event anyone shall violate or threaten to violate any term of this Order, the Parties agree that the aggrieved Party may immediately apply to this Court in this action to obtain injunctive relief against any such person violating or threatening to violate any of the

terms of this Order. The Parties and any other person subject to the terms of this Order agree

that this Court has jurisdiction of such person or Party, for the purpose of enforcing this Order.

IT IS SO STIPULATED AND AGREED this __7__ day of October, 2008:

By: __William J. O'Shaughnessy__         By: _____
    William J. O'Shaughnessy                 Charles M. Lizza
    MCCARTER & ENGLISH, LLP                  William C. Baton
    Four Gateway Center                      SAUL EWING LLP
    100 Mulberry Street                      One Riverfront Plaza
    Newark, New Jersey 07102                 Newark, New Jersey 07102-5490
    (973) 639-2094                           (973) 286-6700
    woshaughnessy@mccarter.com               clizza@saul.com

    *Attorneys for Plaintiffs*                *Attorneys for Plaintiffs*
    *Novartis Pharmaceuticals Corporation*    *Celgene Corporation*
    *and Novartis Pharma AG*

    OF COUNSEL:                              OF COUNSEL:

    Henry J. Renk                            Anthony M. Insogna
    Nicholas N. Kallas                       Lester J. Savit
    FITZPATRICK, CELLA, HARPER & SCINTO      JONES DAY
    30 Rockefeller Plaza                     12265 El Camino Real, Suite 200
    New York, NY 10112-3801                  San Diego, CA 92130
    (212) 218-2100                           (858) 314-1200
                                             ljsavit@jonesday.com
    *Attorneys for Plaintiffs*
    *Novartis Pharmaceuticals Corporation*    Jason G. Winchester
    *and Novartis Pharma AG*                  JONES DAY
                                             77 West Wacker
                                             Chicago, IL 60601-1692
                                             (312) 782-3939

                                             *Attorneys for Plaintiff*
                                             *Celgene Corporation*

By: _____

James S. Richter
Melissa Steedle Bogad
WINSTON & STRAWN, LLP
The Legal Center
One Riverfront Plaza, 7th Floor
Newark, New Jersey 07102
(973) 621-2230
jrichter@winston.com
mbogad@winston.com

George C. Lombardi
Kevin A. Banasik
Samuel S. Park
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
glombardi@winston.com
kbanasik@winston.com
spark@winston.com

*Attorneys for Defendant*
*Barr Laboratories, Inc.*

**IT IS SO ORDERED:**

_____

Hon. Madeline C. Arleo, U.S.M.J.

Dated: _____

- 20 -

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CELGENE CORPORATION, NOVARTIS** | ) |
| **PHARMACEUTICALS CORPORATION,** | ) |
| **and NOVARTIS PHARMA AG,** | ) |
| | ) |

**CELGENE CORPORATION, NOVARTIS**
**PHARMACEUTICALS CORPORATION,**
**and NOVARTIS PHARMA AG,**                   )          **Civil Action No. 07-5256 (SDW)(MCA)**

       **Plaintiffs,**

**v.**                                                                     **CONFIDENTIALITY AGREEMENT**

**BARR LABORATORIES, INC.,**

       **Defendant.**

I, _____ , hereby declare:

    1.    My full address is _____ , and my present occupation is _____ .

    2.    I have received a copy of the Discovery Confidentiality Order in the above-captioned case, and I have carefully read and understand its provisions. I consent to the jurisdiction of the United States District Court for the District of New Jersey solely for the purpose of enforcing the Discovery Confidentiality Order.

    3.    I will comply with all of the provisions of the Discovery Confidentiality Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Discovery Confidentiality Order, and will not copy or use, except for purposes of this action or in accordance with the Discovery Confidentiality Order, any information, documents, or things designated "CONFIDENTIAL" that I receive in connection with this action.

    4.    I understand that violation of the terms of the Discovery Confidentiality Order may be punishable by contempt of court, or other sanctions, penalties, injunction, or damages available at law or equity.

    Executed this \_\_\_\_\_ day of _____ , 20\_\_\_ at _____ _____ .

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
                  (Signature)

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION, and NOVARTIS PHARMA AG, | ) ) ) ) ) ) ) ) ) ) ) ) |

CELGENE CORPORATION, NOVARTIS
PHARMACEUTICALS CORPORATION,
and NOVARTIS PHARMA AG,

        **Plaintiffs,**

v.

BARR LABORATORIES, INC.,

        **Defendant.**

**Civil Action No. 07-5256 (SDW)(MCA)**

**CONFIDENTIALITY AGREEMENT**

I, _____, hereby declare:

1.    My full address is _____, and my present occupation is _____.

2.    I have received a copy of the Discovery Confidentiality Order in the above-captioned case, and I have carefully read and understand its provisions. I consent to the jurisdiction of the United States District Court for the District of New Jersey solely for the purpose of enforcing the Discovery Confidentiality Order.

3.    I will comply with all of the provisions of the Discovery Confidentiality Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Discovery Confidentiality Order, and will not copy or use, except for purposes of this action or in accordance with the Discovery Confidentiality Order, any information, documents, or things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that I receive in connection with this action.

4.    I understand that violation of the terms of the Discovery Confidentiality Order may be punishable by contempt of court, or other sanctions, penalties, injunction, or damages available at law or equity.

Executed this _____ day of _____, 20___ at _____ _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
(Signature)